**In re EAST REDLEY CORPORATION.**

**Louis W. FRYMAN, Esquire**

**v.**

**PORT HENLEY CORPORATION.**

**Civ. A. No. 88–7012.**

United States District Court,
E.D. Pennsylvania.

Nov. 30, 1988.

Horace Stern, Robert Levin, Philadelphia, Pa., William Robert, Royersford, Pa., Christopher Kuhn, Herman Weinberg, for plaintiffs.

Louis W. Fryman, Philadelphia, Pa., trustee.

Lawrence Lichtenstein, Ronnie Schwartz–Albright, Philadelphia, Pa., for defendant.

Philip D. Weiss, McTighe, Weiss, Bacine & O'Rourke, P.C., Norristown, Pa., for Robert P. Quigley and Sam L. Laskin, movants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The above-captioned matter is before this court on appeal from the United States Bankruptcy Court for the Eastern District of Pennsylvania. Appellants, Robert P. Quigley and Samuel L. Laskin held a second position mortgage on debtor's principal asset, a one acre parcel of land in Montgomery County. The appellants seek to have the sale of this asset to the Port Henley Corporation, set aside.

On November 20, 1979, the debtor, East Redley Corporation, filed a petition in bankruptcy pursuant to Chapter 11. A liquidation plan[1] was confirmed on April 28, 1982. Appellants, along with the other creditors, voted for the implementation of this plan. Pursuant to the plan, an auction of the debtor's realty was conducted on April 7, 1983. The high bidder at the sale was the defendant, Port Henley Corporation. One of the appellants attended this sale.

An agreement of sale between the Trustee in Bankruptcy, Louis W. Fryman, Esq. and the defendant was executed after the auction. The consideration was $142,500.00 with a $10,000.00 deposit. Settlement was to take place within 60 days. The agreement of sale stated that "time is to be of the essence of this agreement." A default clause stated that the trustee could retain the deposit as part of the purchase money or as compensation for damages in the event of default. Further, if the buyer defaulted on the settlement agreement the sale would be void. The parties agreed to two extensions to the settlement date. De-

fendant paid $10,000.00 to the trustee for each of these extension dates.

The trustee then filed an adversary proceeding against the defendant, seeking to declare the agreement of sale in default. The bankruptcy court entered a stipulated order granting judgment for the trustee, but allowing the defendant to salvage the transaction by allowing it to make settlement on or before April 6, 1987. On April 3, 1987, a stipulation was entered extending the right to make settlement to defendant's nominees, David K. Maklefresh and William C. Roberts. A further corrected order of April 10, 1987, extended time of settlement for defendant or its nominees to April 10, 1987. The Chapter 11 action and the adversary proceeding were then closed.

On April 4, 1988, appellants filed a motion to set aside the April 10, 1987 order, on the grounds that it effected a disposition of the debtor's property under 11 U.S.C. § 363(b) without notice to creditors including the appellants. The motion was denied by the bankruptcy court which held that the sale was a private sale pursuant to the plan and that the adversary proceeding to determine the rights of the parties to the agreement did not require notice to the appellants. The question presented on appeal is whether notice to creditors of a final disposition was required under 11 U.S.C. § 363(b).

## I. STANDARD OF APPELLATE REVIEW

In reviewing a bankruptcy judge's order, the district court shall not set side findings of fact unless they are clearly erroneous. However, the district court has the power of plenary review of the bankruptcy judge's conclusions of law. 11 U.S.C. Rule 8013; *In Re Abbotts Dairies*, 788 F.2d 143, 147 (3d Cir.1986).

## II. *Violation of 11 U.S.C. § 363(b)*

■ Appellants' first argument is that they were deprived of their right to notice under § 363(b). Appellants claim that they were not informed of the final disposition of the property when settlement occurred

---

1. Although the plan approved by the bankruptcy court was a plan of liquidation, there is nothing in the record to indicate that the case was ever transferred from Chapter 11 to Chapter 7.

between the trustee and defendant's nominees in April, 1987. As a result the appellants argue, the property was sold without their receiving any notice as required under § 363(b) of the Code. We reject this argument as it rests on a incorrect premise.

The crux of appellants' argument is that they were not given notice of the sale of the property in April, 1987. If the property had indeed been sold on that date, appellants' argument would be sound. However, the bankruptcy court determined from the facts before it that the disposition of the property took place at the auction on April 7, 1983, although settlement was delayed until April, 1987. Appellants clearly received notice prior to the sale on April 7, 1983, as they attended the sale. Hence, appellants have no due process claim or claim arising under § 363(b).

As stated, to overturn a factual finding of the bankruptcy court, we must conclude that a finding of fact was "clearly erroneous." The bankruptcy court's order of April 19, 1987 reflected that the agreement settling the adversary proceeding, brought by the trustee against Port Henley Corporation, was entered to effectuate the results of the 1983 auction. The order states, "First Port Henley Corporation or its nominee shall be *privileged to make settlement under the terms of the aforesaid Agreement of Sale* on or before April 10, 1987...." (emphasis supplied) The bankruptcy court's reference is clearly to the agreement of sale entered into on April 7, 1983.

Hence, there was no sale made in April, 1987 as appellants contend. There was merely a restructuring of the terms of the agreement of sale entered into on April 7, 1983 and notice to creditors was not required for this resolution of the adversary proceeding between the trustee and defendant.

III. *Violations of 11 U.S.C. § 363(f)*

Appellants' second argument is also without merit, given the factual determination that the sale occurred on April 7, 1983.

 Appellants argue that the requirement of 11 U.S.C. § 363(f), that consent of any entity having an interest in the property being sold must be obtained prior to the sale, has not been met. Appellants' argument once again rests on the assumption that the sale took place on April 7, 1983. As stated above, the bankruptcy court's factual finding that the sale took place on April 7, 1983, was not clearly erroneous and hence, it will not be disturbed. The requirements of 11 U.S.C. § 363(f), therefore, need not have been met for the settlement to occur.

### CONCLUSION

In conclusion, we find the bankruptcy court was correct in its findings of fact and application of the law. The decision of the bankruptcy judge will, therefore, be affirmed.[2]

---

2. We note that John S. Trinsey, Jr. acting pro se, has filed a "counterclaim" against the appellants and has sought to join additional parties. Trinsley is not a party to this appeal; he alleges no basis for intervening or for jurisdiction. His motion is improper and will, therefore, be dismissed.